IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CROMPTON GREAVES, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1774 |
| | § | |
| SHIPPERS STEVEDORING COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

More than one year after the pretrial motions deadline, the defendant, Shippers Stevedoring Co., filed a request for permission to file a motion for leave to designate responsible third parties. (Docket Entry No. 122). Shippers Stevedoring attached the motion as an exhibit to its request. (Docket Entry No. 122-2). The plaintiff, Crompton Greaves, Ltd., opposes the motion on the grounds that it is untimely, Shippers Stevedoring has not shown good cause for the delay, and Shippers Stevedoring has not shown a basis under Texas law to designate those identified in the motion. (Docket Entry No. 123). Based on the pleadings; the motion, responses, and reply; and the relevant law, this court denies Shippers Stevedoring's request for permission to file a motion for leave to designate responsible third parties because it was filed late and no good cause was shown for the delay. The reasons for this ruling are explained below.

**I.     Background**

This dispute arises from the shipment of a power transformer from India to the United States. Crompton Greaves is an Indian corporation that manufactures and sells power transformers. Shippers Stevedoring is a Texas corporation that provides stevedoring services at the Port of

Houston, Texas. Crompton Greaves alleges that Shippers Stevedoring is responsible for damaging a transformer that Crompton Greaves manufactured and had shipped from India to Arizona through the Port of Houston. Shippers Stevedoring has filed a third-party complaint seeking indemnification and contribution against Union Pacific Corporation, the rail company that transported the transformer from the Port of Houston to Arizona. This court has previously ruled that the claims against Union Pacific are subject to a $25,000 cap under the terms of its tariff.

On May 15, 2009, this court entered an amended scheduling order. That order set April 16, 2010, as the pretrial motions deadline and stated that no motions other than motions in limine "may be filed after this date except for good cause." (Docket Entry No. 36, at 1). On March 30, 2011, after ruling on the parties' summary judgment motions, the court modified the amended scheduling order, at Shippers Stevedoring's request. The reason for the modification was to allow Shippers Stevedoring time to take depositions to develop evidence on the transformer's fair market value when it was damaged. Shippers Stevedoring informed the court that these depositions would be helpful in mediation. The second amended scheduling order reset docket call for August 26, 2011, and extended several deadlines—the deadlines to complete discovery, mediate, and submit a joint pretrial order and motions in limine—but did not extend the deadline for filing pretrial motions. (Docket Entry No. 119).

On June 27, 2011, Shippers Stevedoring filed its request for permission to file a motion for leave to designate responsible third parties under Tex. Civ. Prac. & Rem. Code § 33.004. (Docket Entry No. 122). In its request, Shippers Stevedoring acknowledged that the April 16, 2010 pretrial motions deadline had passed. Shippers Stevedoring argued that the attached motion was nonetheless timely because "it is not dispositive in nature and conforms with the Court's other deadlines," as well as with § 33.004, which allows a defendant to file a motion for leave to designate responsible

2

third parties 60 days or more before trial. (Docket Entry No. 122, at 1). Shippers Stevedoring also argued that the motion was timely because the second amended scheduling order did not refer to any motion deadline and instead merely stated that all documents must be filed seven days in advance of docket call. In the alternative, Shippers Stevedoring argued that good cause existed for filing the untimely motion because the companies it sought to designate as responsible third parties were well known to Crompton Greaves. As a result, according to Shippers Stevedoring, Crompton Greaves would not be prejudiced by the designation.

Crompton Greaves responded, arguing that Shippers Stevedoring had failed to show good cause for filing the request so long after the April 2010 motions deadline this court set. (Docket Entry No. 123). Crompton Greaves contended that the pretrial motions deadline in the first amended scheduling order trumped the deadline set in the Texas statute for filing a motion for leave to designate responsible third parties.[1] (Docket Entry No. 127, at 2).

## II. Analysis

Shippers Stevedoring argues that its motion for leave to designate responsible third parties is timely for two reasons. First, the second amended scheduling order did not refer to the motion-filing deadline but instead stated in the entry setting docket call for August 26, 2011 that "[n]o documents filed within seven (7) days of the Docket Call will be considered." (Docket Entry No. 119). Second, the designation complied with the Texas statute because it was filed more than 60 days before trial.

---

[1] Crompton Greaves also filed a motion to strike the designation of responsible third parties under Tex. Civ. Prac. & Rem. Code § 33.004(l). (Docket Entry No. 127). Because this court denies the defendant's request for permission to file a motion for leave to designate responsible third parties, the motion to strike is denied as moot.

This court's May 15, 2009 amended scheduling order set April 16, 2010 as the pretrial motions deadline. The order stated that "[n]o motion other than the motion in limine may be filed after this date except for good cause." (Docket Entry No. 36, at 1). On March 30, 2011, this court modified the scheduling order to allow Shippers Stevedoring time to take depositions relevant to the damages Crompton Greaves had alleged. The second amended scheduling order extended the deadlines to conduct discovery and mediation and to submit the joint pretrial order and motions in limine. The second amended scheduling order did not extend the deadline for filing pretrial motions, which had already passed. The statement in the second amended scheduling order that "[n]o documents filed within seven (7) days of the Docket Call will be considered" also appeared in the May 15, 2009 scheduling order. This statement does not permit parties to file pretrial motions up to seven days before docket call. Under this court's scheduling orders, Shippers Stevedoring could not file a timely motion for leave to designate responsible third parties on June 27, 2011, which is long after April 10, 2010. Under the scheduling order, Shippers Stevedoring had to show good cause for the delay.

The fact that the Texas statute allows a defendant to designate a responsible third party if the motion for leave is "filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date," TEX. CIV. PRAC. & REM. CODE § 33.004(a), does not make Shippers Stevedoring's motion timely. "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008). The state-law deadline for filing a motion for leave to designate responsible third parties is a procedural requirement that does not govern the timeliness of such a motion in federal court. Instead, the timeliness of the motion is governed by the

4

scheduling order mandated by Federal Rule of Civil Procedure 16(b).[2] *See Coachmen Indus., Inc. v. Alt. Serv. Concepts L.L.C.*, No. H-06-0892, 2008 WL 2787310, at *1 & n.5 (S.D. Tex. July 15, 2008) (holding that the state-law 60-day deadline for filing a motion to designate responsible third parties is a procedural requirement not binding on federal courts and affirming an earlier ruling denying as untimely a motion filed "nearly six months after the motions deadline set in th[e] case"); *Goodman Mfg. Co. v. Field Warehousing Corp.*, No. H-06-3042, 2007 WL 2220964, at *2 n.9 (S.D. Tex. July 31, 2007) ("The Court does not adopt the state law procedural requirements of this responsible third party statute."); *see also Womack v. Home Depot USA, Inc.*, No. 3:06-CV-0285-D, 2006 U.S. Dist. LEXIS 39449, at *2–3 (N.D. Tex. Apr. 14, 2006) ("[T]he court does not suggest that the provisions of § 33.004 that impose time limitations on seeking leave or objecting to motions for leave would apply in a diversity case to circumvent a scheduling order that imposes other deadlines. The court need not decide that question in this case because defendant filed its motion before the scheduling order was entered, and the motion is clearly timely.").

Shippers Stevedoring could not file a timely motion for leave to designate responsible third parties on June 27, 2011, when it sought leave of court to file such a motion. The issue is whether Shippers Stevedoring has shown good cause for filing an untimely motion. "To assist in the speedy and efficient resolution of cases, Rule 16(b) requires the court to enter a scheduling order that limits the time litigants may file motions. Once set, the scheduling order may only be modified by leave

---

[2] This court does not hold that the Texas proportional responsibility statute does not apply in diversity cases. Both this court and other Texas federal district courts have applied Tex. Civ. Prac. & Rem. Code § 33.004 in diversity cases. *See, e.g., Arvie v. Dodeka, LLC*, No. H–09–1076, 2011 WL 1750242, at *3 (S.D. Tex. May 4, 2011) (holding that Federal Rule of Civil Procedure 14 "does not prevent [defendants] from designating responsible third parties under § 33.004 " in federal court); *Eisenstadt v. Tel. Elecs. Corp.*, Civ. A No. 3:06–CV–1196–O, 2008 WL 4452999, at *1 (N.D. Tex. Sept. 30, 2008) ("Several federal district courts in Texas, including this Court, have applied [§ 33.004] in diversity cases, finding there is no conflict with the Federal Rules of Civil Procedure."). This court holds only that the statutory time limit on filing a motion for leave to designate responsible third parties—a procedural aspect of the Texas statute—is not binding on federal courts.

of court upon a showing of good cause." *Argo v. Woods*, 399 F. App'x 1, 2 (5th Cir. Sept. 10, 2010) (citing FED. R. CIV. P. 16(b)). Rule 16's "fairly stringent 'good cause' standard . . . requires [a party] to give a persuasive reason why the dates originally set by the scheduling order for the filing of dispositive motions could not 'reasonably be met despite the diligence of the party seeking the extension.'" *Id.* at 3 (citing FED. R. CIV. P. 16(b) advisory committee's note (1983)); *see also S & W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) ("The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" (quoting 6A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)).

Shippers Stevedoring's request for permission to file a motion to designate responsible third parties was not filed until June 27, 2011, more than one year after the pretrial motions deadline had passed. Shippers Stevedoring provides no explanation for why it waited nearly 14 months past the pretrial motions deadline to seek leave of court to file its motion.[3] Instead, it argues that "[t]here is good cause to allow Shippers Stevedoring to file the instant motion because trial of this matter is more than 60 days away and the granting of this motion will not cause further delay" and because "[a]ll of the parties which Shippers Stevedoring seeks to designate have been known to Plaintiff for years and Plaintiff cannot demonstrate any prejudice in these designations." (Docket Entry No. 122, at 2). The lack of prejudice to a nonmovant does not equate to an explanation—much less a showing

---

[3] Shippers Stevedoring's reply states that "[t]he parties only recently completed discovery with the depositions of Tucson Electric, the consignee of the transformer . . . allegedly damaged during shipment." (Docket Entry No. 125, at 6). The defendant does not explain why, nor claims that, it could not file a motion for leave to designate responsible third parties absent these depositions. To the contrary, Shippers Stevedoring argues that the identities of the proposed designated responsible third parties have been known for an extended period.

of good cause—for the movant's failure to comply with the court's scheduling order or for the fact that the movant waited for over a year after the pretrial motions deadline to file this motion. Shippers Stevedoring's request for permission is denied.[4]  *See Argo*, 399 F. App'x at 3 ("Since Woods has failed to offer any reason why he could not have filed his motion before the deadline, we affirm the district court's denial of the motion."); *MGM Well Servs., Inc. v. Mega Lift Sys., LLC*, Civ. A. No. H-05-1634, 2006 WL 1852322, at *2 (S.D. Tex. June 30, 2006) (denying amendment where the movant "offers no explanation specifically addressing its failure to move for leave to amend in a timely fashion, and its conclusory statements regarding recent discovery of information are inadequate and unsupported by the record"); *Sea–Land Servs., Inc. v. D.I.C., Inc.*, 102 F.R.D. 252, 253–54 (S.D. Tex. 1984) (denying the defendant's Rule 12(c) motion filed seven months after the motion cutoff date because "[t]he Defendant offers the court no explanation or showing of 'good cause' why on the eve of trial the motion should be considered").

## III.   Conclusion

The defendant's request for permission to file a motion for leave to designate responsible third parties, (Docket Entry No. 122), is denied.  The plaintiff's motion to strike the defendant's designation of responsible third parties, (Docket Entry No. 127), is denied as moot.

SIGNED on November 28, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[4] Of course, this ruling does not preclude the defendant from arguing at trial that the parties it sought to designate as responsible third parties—and not Shippers Stevedoring—caused all or part of the alleged damage to the transformer.